UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOHN D. NELLIST,

    Petitioner,

    v.                                   CAUSE NO. 3:20-CV-609-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

John D. Nellist, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decisions (MCF-20-1-799 and MCF-20-2-167) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of engaging in unauthorized financial transactions in violation of Indiana Department of Correction Offenses 220. Following disciplinary hearings, he was sanctioned with a loss of one hundred twenty days earned credit time and demotions in credit class.

In the petition, Nellist represents that he completed the administrative appeal process but concedes that he did not raise the grounds raised in the petition during that process. Generally, State prisoners must exhaust State court remedies to obtain habeas relief in federal court. 28 U.S.C. § 2554. To avoid procedural default, "a habeas petitioner must fully and fairly present his federal claims to the state courts." *Boyko v. Parke*, 259 F.3d 781, 788 (7th Cir. 2001). "Fair presentment requires the petitioner to give the state courts a meaningful opportunity to pass upon the substance of the claims later presented in federal court." *Id.* However, "Indiana does not provide judicial review of

decisions by prison administrative bodies, so the exhaustion requirement in 28 U.S.C. § 2254(b) is satisfied by pursuing all administrative remedies." *Moffat v. Broyles*, 288 F.3d 978, 981-82 (7th Cir. 2002). Because Nellist did not pursue administrative remedies with respect to his habeas claims, the court cannot grant habeas relief, and the habeas petition is denied.

If Nellist wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES John D. Nellist leave to proceed in forma pauperis on appeal.

SO ORDERED this May 21, 2021.

s/Michael G. Gotsch, Sr.<br>
Michael G. Gotsch, Sr.<br>
United States Magistrate Judge